**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **PRINCE,** et al.,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>**HOSPITAL HIMA SAN PABLO-CAGUAS,**<br><br>　　　Defendants. | Civil Case. NO. 12-1221 (PG) |

**OPINION AND ORDER**

　　　Before the Court is defendants' motion to dismiss (Docket No. 7) filed by defendants Centro Medico del Turabo, Inc. d/b/a HIMA San Pablo Caguas (hereinafter "HIMA") and joined subsequently by defendants Jesús Alvarez-Pérez and his Conjugal Partnership (Docket No. 16). Therein, defendants request that this court enforce a Forum Selection Agreement that plaintiff Kennisha Prince ("Ms. Prince") signed while being admitted to HIMA, whereby she acceded to submit any claims to the Puerto Rico Court of First Instance. In their Opposition (Docket No. 13), plaintiffs contend that the Forum Selection Agreement is invalid and thus, unenforceable.

　　　After holding an evidentiary hearing and for the reasons set forth below, the Court **DENIES** defendants' request.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

　　　Plaintiffs filed the original complaint (Docket No. 1) against HIMA and Dr. Jesús Alvarez Pérez, (hereinafter collectively referred to as "Defendants"), for the death of her prematurely born baby, K'Marr Prince Mingo, at HIMA. The Complaint avers that on February 22, 2011 Ms. Prince, then 22-years old, had a premature membrane rupture. See, Docket No. 1 at ¶10. Upon examining her at the Roy Lester Schneider Hospital ("Schneider

Hospital") in St. Thomas, US Virgin Islands, obstetrician gynecologist, Dr. Ronald Nimmo ("Dr. Nimmo") recommended a transfer to a hospital in Puerto Rico because Schneider Hospital did not have the necessary neonatal intensive care unit equipment required for the care of Ms. Prince's baby once he was born. See, Docket No. 1 at ¶12.

Ms. Prince was airlifted from Schneider Hospital and arrived at HIMA on February 23rd, 2011 with a diagnosis of "prolonged premature rupture of membranes, pre-term labor and single intrauterine pregnancy at 28 3/7 weeks." See, Docket No. 8 at pg. 3. The only person accompanying her was her mother, Norma Prince. Ms. Prince testified at the Evidentiary Hearing that she was not given a choice as to which hospital she would be taken.

According to Ms. Prince, upon her arrival at the delivery room at HIMA, she was met by an employee by the name of "Rafael" who was the only person in the room who spoke English clearly. Ms. Prince does not speak Spanish. At that point, she claims that "Rafael" gave her some admissions documents to fill out. Ms. Prince testified that this was at approximately 3 a.m. on February 23, 2011.

The documents that Ms. Prince received from HIMA as part of the admissions packet included a Payment Agreement (Defendant's Exhibit 2 of the Evidentiary Hearing); a Forum Selection Agreement (Defendant's Exhibit 3 of the Evidentiary Hearing) and a Patient's Authorization for Emergency Room (Docket No. 11-2), among others. See, Docket No. 28.

After her admission, Ms. Prince delivered a baby boy at 7:07 p.m. on February 27th, 2011. See, Docket No. 8 at pg. 3. The baby was admitted to HIMA's Neonatal Intensive Care Unit (hereinafter, "NICU") for further care and ultimately passed away on March 29, 2011. See, Docket No. 8 at

pg. 3.

On May 26, 2012 defendant HIMA moved to dismiss the action (Docket No. 7). Defendants allege that prior to receiving services at HIMA, Ms. Prince knowingly and voluntarily signed a Forum Selection Agreement as part of the admissions documents "in which she specifically and expressly agreed to submit any legal action resulting from any act or omission in the treatment and/or services rendered at HIMA to the Puerto Rico Court of First Instance, to the exclusion of any other forum." See, Docket No. 7 at pg. 3. Accordingly, defendants posit that the claims are improperly before this court.

Plaintiffs promptly opposed the motion to dismiss (Docket No. 8), claiming that the inclusion of a Forum Selection Agreement as part of HIMA admission documents without which Ms. Prince would not have received medical care was in violation of Regulation 7617 of the Patient's Advocate Office,[1] which prohibits a health care provider from including as part of informed consent forms to be signed by a patient, legal clauses not related to the patient's condition or treatment.

Defendants filed a reply on June 27, 2012 (Docket No. 13). On October 1, 2012 co-defendant Jesús Alvarez Pérez filed a Motion for Joinder to Motion to Dismiss (Docket No. 16).

After a status conference held on December 17, 2012 where the parties argued their positions regarding the validity of the Forum Selection Agreement, the Court set an evidentiary hearing to assess the factual controversy regarding Ms. Prince's consent.

## II. STANDARD OF REVIEW

---

[1] Office of the Patient's Advocate of P.R., Regulation 7617 of November 21, 2008. Regulation No. 7617 is titled "Regulation for the Implementation of the Provisions of Public Law Number 194 of August 25, 2000, as amended, 'Patients' Bill of Rights and Responsibilities of Puerto Rico.'"

The First Circuit treats a motion to dismiss based on a forum selection clause as one brought for failure to state a claim for which relief can be granted under FED.R.CIV.P. 12(b)(6). See, Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 (1st Cir. 2001).

Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008)(internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe,

Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

There is no dispute that Ms. Prince in fact signed the Forum Selection Agreement as part of the admissions documents that she received upon arrival at HIMA. See, Docket No. 11-1. As such, the factual controversy between the parties centers on whether her consent was given knowingly and voluntarily. Therein lays the key to determining whether the Forum Selection Agreement is enforceable and ultimately, whether this Court has jurisdiction to entertain the present action. In making its determination on the matter, the Court relies on the record and on the testimony given during the Evidentiary Hearing.

Defendants claim that the Forum selection Clause was "freely negotiated by the parties." See Docket No. 7 at page 8. Furthermore, they assert, Ms. Prince "signed the document with full knowledge of its contents and consequences…" Id.

Defendants' position not only stands inapposite the statutory prohibition of forum selection clauses in medical admissions documents under Puerto Rico law, but also contradicts the record as to Ms. Prince's mental state and circumstances when she signed them.

It is uncontested that on February 22, 2011, Ms. Prince was diagnosed with a ruptured membrane on her 28th week of pregnancy. During the evidentiary hearing it transpired that Ms. Prince had suffered three previous miscarriages. According to the record, at least 15 hours elapsed from the time that she was first examined at Schneider Hospital to the time that she was finally admitted to HIMA. Thus, by the time that Ms. Prince signed the admissions documents that included the Forum Selection Agreement, she had spent a considerable amount of time under medical examination without ingesting food and, as she herself testified, under considerable emotional stress.

Ms. Prince emphasized during her testimony that she was tired, hungry and concerned for the well-being of her baby. Her emotional stress was compounded by the physical demands of labor, including the contractions she was feeling, as she told the personnel who were assisting her on the air ambulance.

At the hearing, Defendants presented the testimony of Mario Garcia, M.D., who serves as liaison between HIMA and patients from another jurisdiction. Mr. Garcia testified that at some time between 2:30-3:00 a.m. on February 23, he handed Ms. Prince the admissions package when she was in the labor and delivery room and explained the documents to her.

For her part, Ms. Prince alleges that she did not read the documents but only signed them and it wasn't until her attorney sent her copies of the documents on July of 2012 that she actually learned their

content. She claims she was "livid" when she read them because they were "legal documents," not mere "admission papers."

It is precisely that distinction, enunciated in simple terms by Ms. Prince, which highlights the rationale behind Puerto Rico's statutory prohibition of forum selection clauses presented to patients as part of informed consent documents in obtaining medical treatment.

Regulation No. 7617 of November 21, 2008 prohibits a health care provider to incorporate into their consent forms to be signed by a patient, legal clauses that are not related to the patient's condition or treatment. Pursuant to Regulation No. 7617, providers are strictly prohibited from requesting the following from patients or making the following part of the informed consent to be signed by patients: "Legal clauses unrelated to the medical or health area or field pertaining to the patients' condition or the treatment to be provided to the patient, such as, but not limited to forum selection clauses."

In their Reply to Opposition to Motion to Dismiss, Defendants posit that the applicability of a forum selection clause is a federal procedural issue and thus Regulation No. 7616 is not determinative as a matter of federal law.

This Court has grappled with that same question in previous cases. As recent as 2011, this Court held that a forum selection clause "presented to patients as part of the informed consent process" was "illegal and unenforceable," citing Regulation No. 7617. See, Vazquez v. Hospital Episcopal Cristo, 2011 WL 6748951 at *1 (D.P.R. Dec. 22, 2011).

"The District of Puerto Rico has generally followed federal common law and enforced forum selection clauses, because there is usually 'no conflict between federal common law and Puerto Rico law regarding the

enforceability of forum-selection clauses.'" García-Mones v. Grupo HIMA San Pablo, Inc., et al., 875 F.Supp.2d 98, 104 (2012) (citing Silva, 239 F.3d at 386 n.1.)

Federal common law dictates that a forum clause should control absent a strong showing that it should be set aside. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), 92 S.Ct. 1907. However, the Supreme Court has stated that one reason for declaring a forum clause unenforceable is if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. Id. at 15.

Certainly, the enactment of Regulation No. 7617 is a testament to the public policy of prohibiting the enforcement of forum selection clauses included in admissions documents for medical treatment. The Puerto Rico Supreme Court recognized the validity of the provisions of Regulation No. 7617 in Centro Medico del Turabo v. Depto. De Salud del E.L.A., 181 P.R. Dec. 72, n.1 (2011). Moreover, the First Circuit in Rivera v. Centro Medico del Turabo, 575 F.3d 10, 23 (1st Cir. 2009)[2], noted that Regulation No. 7617 is "pervasive evidence of Puerto Rico's public policy today." Rivera, 575 F.3d at 23.

An evaluation of the clause under substantive law produces the same results. In diversity cases, such as the one at hand, federal courts are bound to apply the forum substantive's law. As previously mentioned, the Puerto Rico Supreme Court recognized that the practice of including forum selection clauses as part of informed consent documents has been held invalid in Puerto Rico. Centro Medico del Turabo, 181 P.R. Dec. at n.1. As such, this Court is bound to follow the Commonwealth's law and declare

---

[2] The Rivera court held that Regulation No. 7504, which preceded Regulation No. 7617, was not relevant because it did not apply retroactively.

the forum selection clause unenforceable because to hold otherwise would contravene a strong public policy in Puerto Rico.

Accordingly, taking into consideration the statutory prohibition of forum selection clauses in informed consent documents as well as the facts of this case, the Court is convinced that HIMA's imposition of the Forum Selection Agreement in order to provide medical care to Ms. Prince during her emergency delivery is invalid. Thus, the Court **DENIES** Defendants' motion to dismiss.

### IV. CONCLUSION

In light of the foregoing, the forum selection agreement is unenforceable and this Court has subject matter jurisdiction over the present case. Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is thus DENIED.

**IT SO ORDERED.**

In San Juan, Puerto Rico, April 30, 2013.

                                           S/ JUAN M. PÉREZ-GIMÉNEZ
                                           JUAN M. PÉREZ-GIMÉNEZ
                                           UNITED STATES DISTRICT JUDGE